# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

*vs*.                      **CRIMINAL ACTION NO. 1:06CR20-9**

**DARRELL LAW,**

      **Defendant.**

## REPORT AND RECOMMENDATION and ORDER/OPINION
## REGARDING DEFENDANT'S PRETRIAL MOTIONS

On the 19th day of June, 2006, Defendant, *pro se,* wrote a letter to the Court requesting: 1) Dismissal of Counts Nine and Ten of the Indictment on the grounds that the allegations were vague and failed to state a specified amount of crack cocaine that he allegedly sold on November 18, 2005; and 2) if that request was not granted, appointment of an attorney and arraignment as soon as possible. The Court Ordered said letter filed as a Motion for Appointment of Counsel and Motion to Dismiss [Docket Entry 152]. Counsel was appointed and Defendant was arraigned on July 5, 2006.[1]

On July 19, 2006, Defendant wrote a second letter addressed to the undersigned United States Magistrate Judge, again requesting the Court dismiss the charges against him due to, among others, vagueness; failure to state the specific amount of cocaine allegedly distributed by him; the Government's

---

[1] The Government filed a Motion to Detain asserting, among others, the rebuttable presumption under Section 3142(e). During both the Initial Appearance/Arraignment and the Detention Hearing, the undersigned United States Magistrate Judge expressly informed Defendant of his Constitutional rights to counsel and to remain silent, and expressly warned him that anything he said could and would be used against him. After the detention hearing, the Court GRANTED the Government's Motion to Detain, finding Defendant had not rebutted the presumption. Part of the Court's reasoning, stated on the record was that Defendant's fiancee, with whom he planned to reside, testified that Defendant had committed domestic battery against her twice within the past six months.

objection to answering a Bill of Particulars; the inadequacy of his court-appointed lawyer; and words and phrases such as "tacit agreement," "tacit understanding," "covertly initiate," and "incorporate as a conspiracy" being used by the Government in the Indictment to convince "any[one] and everyone," "including some of the accused," that the defendants are guilty. The Court Ordered Defendant's letter filed as Motion to Dismiss [Docket Entry 207].[2]

On July 17, 2006, counsel for Defendant filed a Motion to Withdraw as Attorney. Chief United States District Judge Irene M. Keeley DENIED that Motion after a hearing on July 24, 2006, but appointed co-counsel for Defendant. Meanwhile, pursuant to the Scheduling Order entered in this matter, original counsel filed a Motion to Sever [Docket Entry 208]; Motion for Bill of Particulars [Docket Entry 209]; Motion to Dismiss all Counts [Docket Entry 210]; and a Motion to Suppress [Docket Entry 214].

On the 1st day of August, 2006, came Defendant Darrell Law, in person and by his counsel Kumaraswamy Sivakumaran and James B. Zimarowski. The Government appeared by its Assistant United States Attorney Zelda Wesley. The matters were heard on the motions, the Government's response to said motion, and the arguments of counsel.

### RECOMMENDATION

#### Motions to Dismiss

For reasons apparent to the undersigned United States Magistrate Judge and stated on the record, the undersigned **RECOMMENDS** Defendant's first *pro se* Motion to Dismiss [Docket Entry 152] be **DENIED as MOOTED** by his subsequent Motion to Dismiss [Docket Entry 207] and his counsel's Motion to Dismiss [Docket Entry 210].

Defendant [Docket Entry 207] and his counsel [Docket Entry 210] stated as grounds for their

---

[2]Apparently, Defendant had written a letter to his counsel the same day as the arraignment, "discharging" counsel.

respective Motions to Dismiss that Counts 1, 9, and 10 (the only counts pertaining to this defendant) were insufficient.

Count One charges:

> From in or about the Spring, 2005, and continuing until January 25, 2006, within the Northern District of West Virginia, and elsewhere, defendants, Gary Bruder, Leo Thompson, Antonio Cottingham, Illes William, Timothy Moredock, Mario Criner, Dwan Edwards, Dewayne Anderson and Darrell Law a/k/a "B," and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other and with other persons known and unknown to the Grand Jury, to commit an offense against the United States to wit; to violate Title 21, United States Code § 841(a)(1). It was the purpose and object of the conspiracy knowingly and intentionally to possess with intent to distribute and to distribute in excess of fifty grams of cocaine base, also known as "crack," a Schedule II narcotic drug controlled substance; in violation of Title 21, United States Code, §§ 846 and 841(b)(1)(A)(iii).

Counts Nine and Ten each charge:[3]

> On or about November 18, 2005, in Marion County, within the Northern District of West Virginia, the defendant, **DARRELL LAW, a/k/a "B,"** did unlawfully, knowingly, intentionally and without authority distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug controlled substance, to a person known to the Grand Jury, in exchange for $50.00; in violation of Title 21, United States Code, §§841(a)(1) and 841(b)(1)(C).

In pertinent part, Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The test of an indictment's sufficiency is whether it sets forth the elements of the offense being charged and apprizes the defendant of the charge so he can prepare a defense in the present and be protected against double jeopardy in the future. United States v. Daniels, 973 F.2d 272, 274 (4th Cir. 1992), cert. denied, 506 U.S. 1086, 113 S.Ct. 1064, 122 L.Ed.2d 369 (1993). See also United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998).

---

[3] Counts Nine and Ten are identical, with the exception that the amount of money allegedly exchanged for the drugs is $50.00 in Count 9 and $70.00 in Count 10.

Defendant first argues that the Indictment is insufficient because it is "vague." Ordinarily, an indictment that tracks the statutory language is sufficient. See, e.g., Hamling v. U.S., 418 U.S. 87 (1974); U.S. v. Wicks, 187 F.3d 426 (4th Cir. 1999). The undersigned finds Counts 1, 9, and 10 track the statutory language of Title 21, United States Code §§ 841(a), 846, 841(b)(1)(A)(iii) (Count 1) and §§ 841(a)(1) and 841(b)(1)(C) (Counts 9 and 10).

Defendant in particular argues the Indictment is insufficient because Counts 9 and 10 fail to state the quantity of drugs allegedly distributed by Defendant and quantity is an "essential element" of the offense charged. The undersigned does not agree. The Fourth Circuit does not require the quantity of drugs be charged in the Indictment. U.S. v. General, 278 F.3d 389 (4th Cir. 2002)("The failure to include drug quantity in the indictment does not invalidate General's guilty plea because drug quantity is not an element of the offense for which he was sentenced."); U.S. v. Benenhaley, 281 F.3d 423 (4th Cir. 2002); U.S. v. Dinnall, 269 F.3d 418 (4th cir. 2001); U.S. v. Promise, 255 F.3d 150 (4th Cir. 2001) (holding that an indictment that does not include drug quantity properly charges an offense under §841). Similarly, the Indictment need not identify the transactions which provide the basis for the quantity in the Conspiracy Count (Count 1).

Defendant also argues that the Indictment is insufficient because it fails to identify any co-conspirators besides the co-defendants. There is, however, no requirement that a conspiracy indictment name co-conspirators. See U.S. v. American Waste Fibers Co., 809 F.2d 1044 (4th Cir. 1987). Further, "[w]hile two persons are necessary to constitute a conspiracy, 'one person can be convicted of conspiring with persons whose names are unknown.'" Id. at 1046. More recently, in U.S. v. Owen, 27 Fed. Appx. 218 (4th Cir. 2001), the Fourth Circuit stated: "The indictment's reference to 'known and unknown' co-conspirators does not render it invalid."

Proof of a conspiracy and a defendant's participation in it may be by direct or circumstantial

evidence. U.S. v. Burgos, 94 F.3d 849 (4th Cir. 1996). An agreement may be proved by circumstantial evidence alone. Id. In U.S. v. Shabani, 513 U.S. 10, 115 S. Ct. 382 (1994), the United States Supreme Court held: "In order to establish a violation of 21 U.S.C. §846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy." The Fourth Circuit has likewise upheld as sufficient indictments that did not allege specific acts in violation of cited statutes. See, e.g., American Waste Fibers Co., 809 F.2d 1944.

Fed. R. Crim. P 7 requires "a plain, concise, and definite written statement of the essential facts constituting the offense charged." The test of an indictment's sufficiency is whether it sets forth the elements of the offense being charged and apprizes the defendant of the charge so he can prepare a defense in the present and be protected against double jeopardy in the future. United States v. Daniels, 973 F.2d 272, 274 (4th Cir. 1992), cert. denied, 506 U.S. 1086, 113 S.Ct. 1064, 122 L.Ed.2d 369 (1993). The undersigned finds Counts 1, 9, and 10 of the Indictment meet these two tests, and are therefore sufficient.

As already stated, the undersigned **RECOMMENDS** Defendant's *pro se* Motion to Dismiss [Docket Entry 152] be **DENIED as MOOT**. For the above reasons, the undersigned further **RECOMMENDS** Defendant's Motions to Dismiss [Docket Entries 207 and 210, respectively] be **DENIED**.

### Motion to Sever

During the hearing on this matter, counsel for Defendant withdrew the Motion to Sever. The undersigned therefore **RECOMMENDS** Defendant's Motion to Sever [Docket Entry 208] be **DENIED**.

## Motion to Suppress

In his Motion to Suppress [Docket Entry 214], Defendant requests the Court suppress his letter addressed to the undersigned dated July 19, 2006. Defendant cites no law in support of this Motion, and the undersigned could locate none. Counsel for Defendant argues that Defendant had, by letter, discharged counsel before he wrote the letter, and therefor consideration of the letter would violate his Sixth Amendment Right to Counsel. Counsel argues that Defendant was "confused" as to whether he was represented at the time. Counsel further argues that Defendant was "not in a position to decide as to what was right and wrong at that point in time;" was depressed and not sure whether he was *pro se* or represented; and had received counseling before being held in the North Central Regional Jail. Counsel therefore argues the Court should suppress the letter because of Defendant's "inability to think straight" at the time he wrote the letter.

The undersigned notes the Defendant was informed of his rights to counsel and to remain silent during both his arraignment and detention hearing (held on the same date). Notably, Defendant changed his mind regarding testifying at the detention hearing after being informed by the Court of his right to remain silent, the fact that if he gave up that right anything he said could and would be used against him, and that by testifying he subjected himself to cross-examination by the Government. This indicates Defendant understood those rights. The undersigned finds that whether or not he believed himself represented or acting *pro se* at the time is not relevant to the issue of suppression. Further, Defendant presented no evidence of any mental disease or defect or illness which would have impaired his ability to understand his rights.

The undersigned finds no support in the law for Defendant's Motion to Suppress, and therefore **RECOMMENDS** the motion [Docket 214] be **DENIED**.

**Notice of Right to Object**

Any party may, within ten (10) days after being served with a copy of the above Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

**ORDER**

**MOTION FOR BILL OF PARTICULARS**

> The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an adequately described offense . . . when the indictment itself is too vague and indefinite for such purposes.

Wong Tai v. United States, 273 U.S. 77 (1927). United States v. Addonizio, 451 F.2d 49, 63-64 (3rd Cir.), cert. denied, 405 U.S. 936 (1972).

The granting or denial of a bill of particulars is left to the sound discretion of the Court. United States v. MacDougall, 790 F.2d 1135, 1153 (4th Cir. 1986). To establish that the Court abused it's discretion in denying a bill of particulars, Defendant must show that he suffered unfair surprise or to prevent a second and subsequent prosecution on the same set of facts. United States v. Jackson, 757 F.2d 1486 (4th Cir.), cert. denied, 474 U.S. 994 (1985).

It is not proper to order a bill of particulars to provide Defendant with a detailed disclosure of the Government's evidence in advance of trial. Nor should it be used to provide Defendant with additional discovery. United States v. automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985).

Instead, a bill of particulars may be granted to promote Defendant's understanding of the charge[s] against him and to prevent unfair surprise when the indictment fails to provide adequate information for Defendant to understand the charges made against him. United States v. American Waster Fibers Co., 809 F.2d. 1044, 1047 (4th Cir. 1987), United States v. Schembari, 484 F.2d 931, 934-935 (4th Cir. 1973).

In the instant case, Defendant fails to establish with any particularity why the indictment, drawn in the usual form and which charges him under Count One with being a part of a criminal conspiracy within the Northern District of West Virginia between the Spring of 2005 and continuing until January 25, 2006, to possess with the intent to distribute and to distribute in excess of 50 grams of cocaine base, and under Counts Nine and Ten with distribution of crack cocaine is inadequate to meet constitutional muster. Defendant does argue that the lack of a quantity of drugs and the time they were allegedly sold in counts Nine and Ten impede his ability to mount a defense to the charges.

In response to Defendant's Motions, the United States states that it has already disclosed the police reports from the alleged drug buys which state the time they occurred and the quantity of drugs, and also produced the forensic lab reports that state the quantity of drugs allegedly distributed. Defendant admits he has received the Government's pre-trial discovery including the police reports relative to the two charged controlled buys and the laboratory reports showing the drug and drug weights.

The Court finds discovery provided by United States to the Defendant is sufficient and in

accordance with the above stated case law and, therefore, **ORDERS** that Defendant's Motion for Bill of Particulars [Docket Entry 209] be **DENIED**.

The United States District Clerk for the Northern District of West Virginia is directed to provide a copy of this Report and Recommendation and Order to counsel or record.

DATED: August 1, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE