**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DARRELL LAW,**

      **Petitioner,**

**v.**                                            **Civil Action No. 1:08cv171
Criminal Action No. 1:06cr20-09
(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On August 25, 2008, the *pro se* petitioner filed a Petition to Vacate Convictions and/or Sentences Pursuant to 28 U.S.C. § 2255. (Dkt.# 619). On August 27, 2008, the undersigned determined that summary dismissal of the petition was not warranted and the respondent was directed to file an answer. (Dkt.# 622).

On September 5, 2008, petitioner filed a *pro se* Motion Requesting Special Grand Jury and Prosecutor. (Dkt.# 623).

The United States filed a response to the § 2255 petition on September 15, 2008. (Dkt.# 626). The petitioner filed a reply on September 26, 2008 (Dkt.# 628), and on October 17, 2008, a *pro se* Motion to be Released Pending Resolution of § 2255 (Dkt.# 640).

On December 10, 2008, petitioner filed a *pro se* Motion for Status Conference. (Dkt.# 664).

On December 17, 2009, petitioner filed a *pro se* Motion for Omnibus Discovery in Buttress of Evidentiary Hearing for "Selective Vindictive Prosecution" (Dkt.# 769), and a *pro se* Motion for Evidentiary Hearing in Specific Regard to Claim of "Selective Vindictive Prosecution" (Dkt.# 771).

This case is before the undersigned for a report and recommendation pursuant to Standing Order No. 4 and LR PL P 83.01, *et seq.*

## I. Procedural History

### A. Conviction and Sentence

On March 7, 2006, petitioner and eight other individuals were named by a federal grand jury in a thirteen count indictment. (Dkt.# 1). Specifically, the petitioner was named in three counts of the indictment alleging: Count 1 (conspiracy with intent to distribute in excess of 50 grams of cocaine base from on or about the spring of 2005 to January 25, 2006, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846; Count 9 (distribution of a quantify of cocaine base in exchange for $50.00 on or about November 18, 2005, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count 10 (distribution of a quantity of cocaine base in exchange for $70.00 on or about November 18, 2005, in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(C)). Id.

Petitioner proceeded to trial, and on October 12, 2006 was convicted on all three counts. The jury also found that the Count One offense as it related to petitioner involved more than 5 grams of cocaine base. (Dkt.# 373).

Pursuant to the District Court's directive, a Pre-Sentence Investigation Report was prepared, which recommended relevant conduct of at least 5 but less than 20 grams of cocaine base, and no adjustments or enhancements to his sentence. (Dkt.# 493 at 4 - 6). Petitioner had a total offense level of 26 for the three counts, and a criminal history category of VI, giving him a guideline range for imprisonment of 120 to 150 months. (Id. at 30). On March 2, 2007 petitioner was sentenced to 120 months imprisonment on each count, to be served concurrently; five years supervised release on Count 1, 3 years supervised release on Counts 9 and 10, to run concurrently; no fine; and a $100 special assessment on each count for a total special assessment of $300.00. (Dkt.# 497).

**B.      Direct Appeal**

Petitioner, through counsel, filed a notice of appeal to the Fourth Circuit Court of Appeals on March 14, 2007. (Dkt.# 503). As grounds for his appeal, the petitioner asserted the following:[1]

(1)     There was insufficient evidence to support his conspiracy conviction on Count 1 because the Government failed to prove the existence of a "hub and spoke" agreement between petitioner and a co-defendant;

(2)     the District Court erred in admitting evidence on the controlled buys that were the basis for Counts 9 and 10, based on the WV State Trooper's field tests which lacked a scientific basis; when the substances recovered from the controlled buys in Counts 9 and 10 were not introduced into evidence; when there were no lab tests conducted on the substances recovered in the controlled buys; and when the Government surreptitiously introduced the evidence of the controlled buys through the State Trooper's testimony;

(3)     the District Court committed reversible error by permitting the State Trooper to bolster testimony of drug weights that had never been scientifically calculated;

(4)     the sentence imposed by the District Court was erroneous.

Additionally, petitioner filed his own *pro se* supplemental brief, asserting that:

(5)     the District Court abused its discretion when it denied petitioner's post-verdict Motion for Acquittal and Motion for Mistrial pursuant to Fed.R.Crim.Pro. 29;

(6)     the Government constructively amended the indictment;

(7)     the District Court constructively amended the indictment;

(8)     the jury's special interrogatory sheet violated the 4th Circuit's holding in United States v. Floresca, 38 F.3d 706 (4th Cir. 1994); and

(9)     there was a conflict of interest between petitioner's two attorneys that prejudiced him.

On June 20, 2008, in a *per curiam* unpublished opinion, the Fourth Circuit Court of Appeals

---

[1] Some of petitioner's grounds for appeal were filed through counsel and some through a pro se brief petitioner later filed on his own behalf. The 4th Circuit reviewed both briefs before issuing its opinion, as evidenced by an August 4, 2008 letter to petitioner from the Deputy Clerk of the 4th Circuit (4th Cir. Dkt.# 107) (07-4304), in response to petitioner's August 1, 2008 letter of inquiry. (4th Cir. Dkt.# 106) (07-4304).

affirmed petitioner's convictions and sentence their entirety. (Dkt.# 593). Appellate counsel filed a motion for rehearing and rehearing *en banc* (4th Cir. Dkt. # 100) (07- 4303) on July 7, 2008, which was denied on July 24, 2008 (4th Cir. Dkt.# 104) (07- 4303) . Mandate issued on July 31, 2008. (Dkt.# 613).

Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

**C.     Federal Habeas Corpus**

**Petitioners' Contentions (Dkt.# 619)**

In his federal habeas petition the petitioner raises multiple issues for relief including:

**(1)** The Government's decision to prosecute him was vindictive and selective;

**(2)** Convictions resulting from unconstitutional pre-trial and trial proceeding(s) are illegal and/or fundamentally unfair;

> a) Petitioner's trial was presided over by a District Judge who was one of the respondents in a Bivens action petitioner had filed approximately one month earlier;
>
> b) The Court abused its discretion when it appointed co-counsel for petitioner;
>
> c) The Court abused its discretion when it failed to conduct an evidentiary hearing;
>
> d) The Special Interrogatory Form used at trial invaded the fact-finding duty of the jury.

**(3)** Sentencing was unreasonable;

**(4)** Ineffective assistance of counsel during pre-trial, trial, and sentencing; and

**(5)** Ineffective assistance of appellate counsel on direct appeal.

**Government's Response (Dkt.# 626)**

In its response, the government answers the petitioner's claims as follows:

**(1)** Petitioner's Ground One and Two claims are procedurally defaulted because he could have raised them on appeal but failed to, and thus has waived the right to do so, unless he can demonstrate either cause, actual prejudice, or 'actual innocence." Petitioner has failed

4

to demonstrate cause, actual prejudice, or 'actual innocence;" therefore his claims should be denied.

**(2)** Petitioner's Ground Three claims are unfounded. Further, sentencing issues generally cannot be raised in a habeas corpus petition.

**(3)** Petitioner's Ground Four and Five Ineffective Assistance of Counsel (IAC) claims are unsupported and should be denied. Further, in order to sustain such claims, petitioner must demonstrate that counsel's representation was so deficient that it fell below an objective standard of reasonableness, and that there is a reasonable probability that counsel's deficient performance prejudiced the defense such that the results of the proceeding would have been different had the errors not been made. Petitioner has failed to demonstrate where or how he was denied any fundamental right and therefore has not established the prejudice prong of <u>Strickland</u>.

**Petitioner's Reply (Dkt.# 628)**

In his reply, the petitioner expands on the issues raised in his original petition, as follows:

**(1) Supplementing Original Issue (1)**: The Government's vindictive and selective prosecution of him was "illicit retaliation and discriminatory animus" against him for his exercise of his constitutional rights. Petitioner was "technically" without counsel at the time the Government "issued the threatening ultimatum" regarding his decision to refuse the plea agreement. The AUSA obtained the indictment based upon false pretense and singled petitioner out for pre-trial detention.

**(2) Supplementing Original Issue (2)(a)**: The Government did not respond to petitioner's contention that his right to an impartial judge was denied.

**(3) Supplementing Original Issue (2)(b)**: Petitioner's 6th Amendment right to counsel was violated when the Court appointed co-counsel to assist the "unlicensed" attorney he wanted removed from his case, because the "conflict of interest" between the two attorneys representing him denied him the effective assistance of counsel, since the more experienced attorney was appointed "'presumptively' to train (and mentor) . . . Sivakurmaran [petitioner's original attorney] and not necessarily to represent . . . petitioner[.]" Petitioner contends that this "actual conflict situation" has continued to the present, that in effect, he has had to proceed "up unto this point without counsel[,]" an "obviously adverse effect."

**(4) Supplementing Original Issue (2)(d) and (3)**: Petitioner "has no 'total drug relevant conduct' for which he is solely held responsible for, that would (normally) have been utilized to determine a 'reasonable sentence.'"

**(5) Supplementing Original Issue (2)(a)(b)(c) and (d)**: The only way the Government could have obtained guilty verdicts on all three counts was "through the substantial assistance and lenient mannerisms of the court[.]"

5

**(6) Supplementing Original Issue (2)(d) and (3)**: The jury's special interrogatory sheet and the reasonable doubt instruction were "inappropriately unconstitutional."

**(7) Supplementing Original Issue (5)**: Appellate counsel was ineffective for failing to submit the following issues on appeal:

    a) The Government's constructive amendment of the indictment;

    b) The District Court's constructive amendment of the indictment;

    c) The jury's special interrogatory sheet and its reasonable doubt instruction violated United States v. Floresca, 38 F.3d 706, 714 (4th Cir. 1994);

    d) numerous acts of prosecutorial misconduct;

    e) a 404(b) violation;

    f) insufficient evidence on Counts 9 and 10;

    g) The District Court violated petitioner's right to cross examine key witnesses;

    h) The District Court failed to give a Pinkerton instruction;

    i) The District Court "failed to give buyer sailor instruction [sic];"

    j) Petitioner's sentences were unreasonable under Booker and were not proper under the requirements set forth under 18 U.S.C. § 3552.

**D.**    **Other Collateral Proceedings**

On June 8, 2009, petitioner, through appointed counsel, filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. 3582. (Dkt.# 720). On June 18, 2009, the District Court granted the petitioner's motion for retroactive application of sentencing guidelines to crack cocaine offenses, (Dkt.# 721), reducing petitioner's sentence from 120 months to 100 months. Id.

Subsequently, on June 19, 2009, petitioner filed a *pro se* Notice of Disapproval to Motion Pursuant to 18 U.S.C. § 3582(c) (Dkt.# 722), and on June 29, 2009, a *pro se* Motion to Alter or

Amend Judgment/Order (Dkt.# 724). The Motion to Alter or Amend Judgment/Order was denied on July 21, 2009 (Dkt.# 732).

### III. Analysis

**A.  Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

**B.  Procedurally Barred Claims**

Before evaluating the merits of petitioner's claims, the Court must determine which of his issues he may bring in his § 2255 motion and which are procedurally barred.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). See also Herman v. United States, 227 F.2d 332 (4th Cir. 1955). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on

collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

In this case, Petitioner's Ground Two (c) claim that the Court abused its discretion when it failed to conduct an evidentiary hearing; his Ground Two (d) claim that the Special Interrogatory Form used at trial invaded the jury's fact-finding duty; and his Ground Three claim that his sentence was unreasonable are all procedurally barred because they were raised and rejected as being without merit by the Fourth Circuit Court of Appeals. Issues already raised and decided on direct appeal cannot therefore be reconsidered, absent a showing of a change in the law. Davis v. United States, 417 U.S. 333 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Because petitioner has failed to make the requisite showing, these claims should be denied.

"[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Therefore, the failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. Actual prejudice is then shown by demonstrating that the

error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

"In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

Petitioner's Ground One claim that his prosecution was "vindictive and selective;" his Ground Two claims that his conviction is a result of unconstitutional and unfair pre-trial and trial proceedings because (a) the District Judge was biased against him and should have recused herself;[2] (b) and the District Court abused its discretion when it appointed co-counsel for petitioner are all procedurally defaulted because petitioner could have, but failed to raise them on appeal. Petitioner has made no attempt to demonstrate cause for failing to raise these issues on appeal, nor has he

---

[2] Petitioner alleges that the Government failed to address this claim it its response; however, the Government did address it. (Dkt.# 626 at 4). On January 8, 2009 petitioner filed an Affidavit (Dkt.# 680) in District Court, seeking to disqualify the District Judge for her purported bias. When the District Judge issued her decision refusing to recuse herself, in a Memorandum Opinion and Order Construing Affidavit as a Motion to Disqualify and Denying Motion (Dkt.# 726), petitioner appealed the issue and sought a writ of mandamus from the Fourth Circuit. The Fourth Circuit Court of Appeals denied the petition and dismissed the appeal for lack of jurisdiction in an unpublished *per curiam* opinion on December 3, 2009, as the District Judge's Order was neither a final order nor an appealable interlocutory or collateral order. (Dkt.# 767). Petitioner's 42 U.S.C. § 1983 action (3:06cv96), filed on September 18, 2006, less than a month before trial, against the District Judge, the Magistrate Judge, two U.S. Attorneys, and a State Police officer, was dismissed by Order of this Court on May 30, 2007. (3:06cv96, Dkt.# 40). Petitioner appealed that decision to the Fourth Circuit Court of Appeals where it was affirmed by unpublished *per curiam* opinion on October 6, 2009. (09-6594) (4th Cir. Dkt.# 86).

shown prejudice or actual innocence, therefore these claims should be denied.

**Ground Four: Whether trial counsel provided ineffective assistance during pre-trial, trial and sentencing proceedings.**

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that the petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." <u>Strickland</u> at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. <u>Id</u>. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in <u>Strickland</u>, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Lockhart v. Fretwell</u>, 506 U.S. 364 (1993).

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. <u>Strickland</u> 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. <u>See</u> <u>Hunt v. Nuth</u>, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

Petitioner's § 2255 alleges ineffective assistance of counsel (IAC) at sentencing only. However, in his argument, he expands this to include ineffectiveness "during pre-trial, trial and sentencing," asserting that "[d]ue to the erroneous decision of the . . . court to appoint multiple attorneys . . . " a "conflict situation" occurred. He claims to "possesses documentation of which absolutely establishes that 'a plausible alternative defense strategy or tactic could have been pursued, but was not because of the actual conflict that impaired his counsel's performance.'" (Dkt.# 619 at

10). He declined, however to delineate exactly what that conflict situation was "due to the complexity of the required 'demonstration[,]'" preferring instead to "preserve the argument for this claim in the possible event of an evidentiary hearing." (Id.). Instead, he vaguely alludes to the situation creating "needless complications."

In response to the Government's pointing out he had provided no evidence to support his IAC claims regarding appellate counsel, his reply claims for the first time that his original counsel was 'unlicensed'[3] and so co-counsel was appointed "'presumptively,' to train (and mentor) counsel . . . Sivakumaran and not necessarily to represent the Petitioner in those proceedings." He claims that this situation had such an adverse effect on his representation that he was "constructively denied" the assistance of counsel when the Court refused to grant his attorney's motion to withdraw.[4] He alleges that he has essentially "proceeded up unto this point without counsel." Petitioner offers no details of specific things that either his original or later-appointed attorney did or failed to do that negatively affected the outcome of either his trial or sentencing, nor any proof in the form of affidavits, declarations, or other evidence to support his claim.

"The Sixth Amendment guarantees an accused the right to effective assistance of counsel, and an essential aspect of this right is a lawyer 'unhindered by conflicts of interest.'" See United States v. Nicholson, 475 F.3d 241, 248 (4th Cir. 2007) (citing Strickland v. Washington, supra and quoting Mickens v. Taylor, 240 F.3d 348, 355 (4th Cir. 2001) (en banc), *aff'd*, 535 U.S. 162 (2002)). When a petitioner asserts an ineffective assistance of counsel claim based on a conflict of interest,

---

[3]This claim is unsupported by the record and petitioner provides no affidavit or proof to support this allegation.

[4] Trial counsel's July 17, 2006 Motion to Withdraw was based on having received petitioner's "written communication . . . on . . . July 14, 2006 . . . inform[ing] me that he does not need my services[.]" (Dkt.# 198)

11

the standard for such a claim is set forth in Cuyler v. Sullivan, 446 U.S. 335 (1980). Nicholson at 249. "To establish a conflict of interest resulted in ineffective assistance, '[m]ore than a mere possibility of conflict must be shown.'" Id. (quoting United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991)). Instead, the petitioner must show "(1) that his lawyer was under an actual conflict of interest, and (2) that this conflict adversely affected his lawyer's performance." Id. (citing Cuyler v. Sullivan, 446 U.S. at 348) (internal citations omitted).

To show an actual conflict of interest, the petitioner "must show that [his] interests diverged with respect to a material factual or legal issue or to a course of action." Gilbert v. Moore, 134 F.3d 642, 652 (4th Cir. 1998) (en banc) (internal quotations omitted). Alternately, a conflict of interest exists when counsel is regarded as "account[ing] to two masters" or when he fails to take action on behalf of one client because it would adversely affect another. United States v. Tatum, 943 F.2d at 376.

Habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994). The petition must come forward with evidence that the claim has merit. Nickerson v. Lee, 971 F.2d 1125, 1131 n.8 (4th Cir. 1992), *cert. denied,* 507 U.S. 923 (1993), *abrogation on other grounds recognized,* Yeatts v. Angelone, 166 F.2d 255 (4th Cir. 1999). Allegations amounting to nothing more than conclusions provide no basis for an evidentiary hearing.

Here, petitioner's claim of ineffective assistance of counsel are vague, conclusory and insufficiently pled. He has not alleged that counsels' interests diverged with respect to his on a material factual or legal issue or on a particular course of action, or that he regarded counsel as "accounting to two masters," or that counsel failed to take action on his behalf because it would adversely affect another client. He has failed to show that counsels' interests diverged with his with

respect to any material factual or legal issue, or any realistic course of action. He has made no specific allegation regarding any particular omission or failure. Petitioner cites nothing in support of his conflict of interest claim to show that either of his appointed attorneys did not provide effective advocacy and good lawyering on genuinely substantive issues, instead of ineffectiveness or refusal to act in petitioner's best interest. Petitioner has presented no proof that counsel abandoned his duty of loyalty to his client, has failed to show by a preponderance of the evidence that he is entitled to relief, and this claim should be denied.

**Ground Five: Whether appellate counsel provide ineffective assistance when he failed to present certain issues on appeal**.

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal citations and quotations omitted). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal." Bell v. Jarvis, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the

13

landmark of effective advocacy." Bell v. Jarvis, 236 F.3d at 164 (quoting Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted). However, although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Petitioner's § 2255 argument claims that his appellate counsel, purportedly already deemed "incompetent and inexperienced" at the District Court level, was so incompetent at the appellate level that petitioner was forced to file his own *pro se* supplemental brief to the 4th Circuit Court of Appeals, because appellate counsel "blatantly refused to present all meritorious issues." He claims that his *pro se* brief "was never ruled upon." This claim is, as petitioner well knows, categorically false. The August 4, 2008 letter from the 4th Circuit's Deputy Clerk to petitioner clearly shows that he was informed that "*[t]he Court did review your entire case, including your brief*, before issuing their opinion." (4th Cir. Dkt.# 107) (07-4304) (emphasis added).

Petitioner claims that appellate counsel failed to appeal: (a) the Government's constructive amendment of the indictment; (b) the District Court's constructive amendment of the indictment; (c) the jury's special interrogatory sheet and its reasonable doubt instruction violating the holding of United States v. Floresca, *supra;* (d) numerous acts of prosecutorial misconduct; (e) an (unspecified) 404(b) violation which occurred; (f) that there was insufficient evidence to prove Counts 9 and 10; (g) that the District Court's violated his right to cross examine key witnesses; (h) the District Court's failure to give a Pinkerton instruction; (i) the District Court's failure to give a

14

"buyer sailor"[sic] instruction; and (j) his sentence(s) were unreasonable under Booker and were not appropriately framed within the requirements set forth under 18 U.S.C. § 3552.

A cursory review of the appellate record reveals that most of petitioner's claims about what issues appellate counsel 'blatantly refused' to present on appeal are patently untrue. Petitioner's Ground Five (f), (h), (i), and (j) claims *were* raised on appeal by appellate counsel, although claims (h) and (i) were expressed differently on appeal by counsel than petitioner words them in his petition. In Ground Five (h) petitioner complains appellate counsel failed to appeal the District Court's failure to give a Pinkerton instruction,[5] and in Ground Five (i), the Court's failure to give a "buyer-sailor" [sic] instruction;[6] both go to the same issue presented by appellate counsel, the District Court's failure to identify the 'hub and spoke' necessary to prove the elements of conspiracy. Further, these two claims are insufficiently pled, as petitioner offers no information regarding how the omission of the Pinkerton and/or "buyer-seller" instructions affected his case. He does not explain how he was harmed by these alleged failures by appellate counsel's failure to raise these issues on appeal. Regardless, appellate counsel did present them and the Fourth Circuit has already considered these arguments and rejected them. These claims are denied.

Petitioner's Ground Five (a), (b), and (c) claims (the Government's constructive amendment of the indictment; the District Court's constructive amendment of the indictment; and the jury's special interrogatory sheet and its reasonable doubt instruction violated United States v. Floresca)

---

[5] In Pinkerton, the United States Supreme Court held that a co-conspirator could be guilty of a substantive offense even though he did no more than join the conspiracy, provided that the offense was reasonably foreseeable and was committed in furtherance of the conspiracy. Pinkerton *et al.* v. U.S., 328 U.S. 640, 647 - 648, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Instructing juries on this concept has come to be known as a "Pinkerton instruction."

[6] Presumably petitioner intended to allege that the District Court failed to give a "buyer-seller" instruction, i.e., an instruction that a mere "buyer-seller" relationship alone does not support a conspiracy conviction.

were raised on appeal by petitioner himself, in his *pro se* supplemental brief. Petitioner has failed to provide any evidence or support to show that appellate counsel was ineffective, or *arguendo,* that appellate counsel's errors, if any, prejudiced him, because, by filing his own *pro se* supplemental brief, petitioner was never deprived of the opportunity to have Grounds Five (a), (b), and (c) considered and thus he was not prejudiced by appellate counsel's decision not to raise them. These claims should be denied.

Petitioner's Ground Five (e) and (g) claims (an unspecified 404(b) violation and the District Court violated his right to cross examine key witnesses) are insufficiently pled. Petitioner does not elaborate on what the 404(b) violation was. He provides no information regarding which key witnesses he was prevented from cross-examining or how their testimony might have affected the outcome of his case. These claims are so insufficiently pled they are impossible to respond to and should be denied.

Finally, in petitioner's Ground Five (d) claim that appellate counsel failed to submit the issue of "numerous acts of prosecutorial misconduct" on appeal, he fails to rebut the presumption that appellate counsel merely winnowed out the weaker arguments from those more likely to prevail, as he is required to do. It is likely that appellate counsel did not raise this issue on appeal because it was so lacking in merit that it was clearly a non-issue. Counsel has no obligation to make meritless arguments. The 4th Circuit's recent opinion affirming this Court's decision on these same claims by petitioner in his 42 U.S.C. 1983 action demonstrates that their lack of merit. This claim should be denied.

Accordingly, petitioner has not shown that appellate counsel was ineffective for failing to raise his Ground Five issues. The record does not support most of petitioner's contentions. The

entire Ground Five claims are insufficiently pled, a mere recitation of a laundry list of claims with no argument in support. Petitioner has not demonstrated that appellate counsel's performance fell below an objective standard of reasonableness, let alone that had counsel done otherwise, the result of the proceeding would have been different  Because petitioner fails to make the requisite showing of cause and prejudice, or that a fundamental miscarriage of justice will occur if his Ground Five claims are not considered on the merits, these claims should be denied.

## IV.   OTHER MATTERS

**A**.  Petitioner's September 5, 2008 *pro se* Motion Requesting Special Grand Jury and Prosecutor (Dkt.# 623) is **DENIED** as moot.

**B.**  Petitioner's October 17, 2008 *pro se* Motion to be Released Pending Resolution of § 2255 (Dkt.# 640) is **DENIED** as moot.

**C.**  Petitioner's December 10, 2008 *pro se* Motion for Status Conference. (Dkt.# 664) is **DENIED** as moot.

**D**.  Petitioner's December 17, 2009 *pro se* Motion for Omnibus Discovery in Buttress of Evidentiary Hearing for "Selective Vindictive Prosecution" (Dkt.# 769) is **DENIED** as moot.

**E**.  Petitioner's December 17, 2009 *pro se* Motion for Evidentiary Hearing in Specific Regard to Claim of "Selective Vindictive Prosecution" (Dkt.# 771) is **DENIED** as moot.

## V.   RECOMMENDATION

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion (Dkt.# 619) and **DISMISSING** this case with prejudice.

Within **fourteen (14)** days after being served with a copy of this Recommendation, any party

shall file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: December 28, 2009

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE