IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DARRELL LAW,

                Petitioner,

v.                                    CIVIL NO. 1:08CV171
                                      CRIMINAL NO. 1:06CR20-9
                                           (Judge Keeley)


UNITED STATES OF AMERICA


                Respondent.

MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]

I. PROCEDURAL BACKGROUND

On March 7, 2006, a federal grand jury returned a thirteen

count indictment which specifically named the pro se petitioner,

Darrell Law ("Law"), in three counts. See United States v. Bruder,

et al., No. 1:06CR20 (N.D.W. Va. Mar. 8, 2006) (dkt. no. 1). Later,

on October 12, 2006, a jury convicted Law on all three counts,

following which, on March 2, 2007, this Court sentenced him to ten

years of imprisonment.

On March 14, 2007, Law appealed his conviction, and on

June 20, 2008, the Fourth Circuit Court of Appeals affirmed Law's

conviction and sentence in an unpublished per curiam opinion. See

United States v. Anderson, et al., 282 Fed. Appx. 255, 258 (4th

Cir. 2008) (unpublished). On July 7, 2008, Law's appellate counsel

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

filed a motion for rehearing and rehearing en banc, which the Fourth Circuit denied on July 24, 2008.

On August 25, 2008, Law filed a pro se Petition to Vacate Convictions and/or Sentences pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"), which asserted the following grounds for relief:

> **(1)** The Government's decision to prosecute him was vindictive and selective;
> **(2)** Convictions resulting from unconstitutional pre-trial and trial proceeding(s) are illegal and/or fundamentally unfair;
> > a) Petitioner's trial was presided over by a District Judge who was one of the respondents in a Bivens action petitioner had filed approximately one month earlier;
> > b) The Court abused its discretion when it appointed co-counsel for petitioner;
> > c) The Court abused its discretion when it failed to conduct an evidentiary hearing;
> > d) The Special Interrogatory Form used at trial invaded the fact-finding duty of the jury.
> **(3)** Sentencing was unreasonable;
> **(4)** Ineffective assistance of counsel during pre-trial, trial, and sentencing; and
> **(5)** Ineffective assistance of appellate counsel on direct appeal.

R&R at 4 (dkt. no. 26).

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

The Court referred Law's petition to Magistrate Judge David J. Joel ("magistrate judge") for an initial review and a report and recommendation ("R&R") pursuant to L.R. P.L. 83.09 and Standing Order No. 4. On December 28, 2009, Magistrate Judge Joel issued an R&R recommending that Law's § 2255 motion be dismissed with prejudice. On January 14, 2010, Law filed timely objections to the R&R.

After conducting a de novo review of the R&R in light of Law's objections, for the reasons that follow, the Court **ADOPTS** Magistrate Judge Joel's R&R in its entirety and **DISMISSES WITH PREJUDICE** Law's § 2255 motion.

## II. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Magistrate Judge Joel's R&R recommends that Law's first, second, and third claims be dismissed because they are procedurally barred, and further recommends that Law's fourth and fifth claims be dismissed because they are inadequately pleaded. In reaching these conclusions, the magistrate judge found that Law's first claim, that he was prosecuted in a vindictive and selective manner, and his second claim, that he was convicted as a result of unconstitutional and unfair pre-trial and trial proceedings (a)

3

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH**
**PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]**
**AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

because the District Judge was biased against him and should have recused herself from the case, and (b) because the District Court abused its discretion by appointing co-counsel for Law, are procedurally barred because Law had the opportunity to raise them on appeal but failed to do so. The magistrate judge recognized that "in order to collaterally attack a conviction based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999). Finding that Law demonstrated no cause for failing to raise such issues on appeal, and provided no evidence of actual prejudice, the magistrate judge recommended that these claims be dismissed.

The magistrate judge reasoned further that Law's claim that his conviction was due to unconstitutional and unfair pre-trial and trial proceedings because (c) the court abused its discretion by not conducting an evidentiary hearing, and (d) the Special Interrogatory Form used at trial invaded the jury's fact-finding responsibility,

4

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH**
**PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]**
**AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

and his third claim that his sentence was unreasonable, are also procedurally barred because these issues had been raised on appeal and rejected by the Fourth Circuit. He recommended that these claims should be dismissed because Law had raised these issues on appeal and had made no showing of any change of law since the Fourth Circuit had rejected them. See Davis v. United States, 417 U.S. 333 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976) (holding that issues pursued on appeal and adjudicated on appeal cannot be considered again unless the petitioner can illustrate that the law has changed).

The magistrate judge also recommended that Law's fourth claim, that he received ineffective assistance of counsel during pre-trial, trial and sentencing proceedings, be dismissed because it was insufficiently pleaded. Law contends that his counsel rendered ineffective assistance to him due to a conflict of interest that arose from the Court's appointment of co-counsel. The magistrate judge recognized that, in order to prevail on an ineffective assistance of counsel claim deriving from a conflict of interest, the claimant must prove "(1) that his lawyer was under an actual conflict of interest, and (2) that this conflict adversely affected

5

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

his lawyer's performance." <u>United States v. Nicholson</u>, 475 F.3d 241, 249 (4th Cir. 2007) (citing <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 348 (1980)). He found that Law's petition failed to demonstrate that a conflict existed between Law and his counsel, or that he had been adversely affected by his counsel's performance, and recommended that these claims be dismissed as well.

The magistrate judge further recommended that Law's fifth claim, ineffective assistance of counsel on direct appeal, be dismissed because it too had been insufficiently pleaded. To prevail under such a claim, Law must establish "(1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Bell v. Jarvis</u>, 236 F.3d 149, 164 (4th Cir. 2000). In his present petition, Law argues that his counsel failed to raise several issues on appeal, and was so ineffective that he had to file his own <u>pro se</u> appellate brief. Law additionally contends that the Forth Circuit did not consider his <u>pro se</u> brief while resolving his case.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH**
**PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]**
**AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

In light of these contentions, the magistrate judge determined that appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." <u>Pruett v. Thompson</u>, 996 F.2d 1560, 1568 (4th Cir. 1993). He also recognized that "counsel is not obligated to assert all nonfrivolous issues on appeal." <u>Bell</u>, 236 F.3d at 164. He therefore recommended that Law's fifth claim be dismissed because Law had neither demonstrated that his counsel's performance was below an objective standard of reasonableness, nor established that, had his counsel performed differently, it would have changed the outcome of his appeal. The magistrate judge also noted that claims not raised by Law's counsel could have been raised by Law himself in the appellate brief he filed <u>pro se</u>, which the Fourth Circuit considered when rejecting Law's appeal.

The magistrate judge further recommended that Law's September 5, 2008 <u>pro se</u> Motion requesting a Special Grand Jury and Prosecutor (dkt no. 4), his October 17, 2008 <u>pro se</u> Motion to be Released Pending Resolution of his § 2255 Petition (dkt. no. 7), his December 10, 2008 <u>pro se</u> Motion for Status Conference (dkt. no. 9), Law's December 17, 2009 <u>pro se</u> Motion for Omnibus Discovery in

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH**
**PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]**
**AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

Buttress of Evidentiary Hearing for "Selective Vindictive Prosecution" (dkt. no. 23), and his December 17, 2009, <u>pro</u> <u>se</u> Motion for Evidentiary Hearing in Specific Regard to the Claim of "Selective Vindictive Prosecution" (dkt. no. 24) all be denied as moot.

### III. <u>LAW'S OBJECTIONS</u>

In his first objection, Law contends that before this Court may determine the outcome of his Petition it should hold an evidentiary hearing regarding his "Selective Vindictive Prosecution" claim. In support of this objection, he asserts that the government's response to his § 2255 motion (dkt. no. 5) was brief and simplistic, and does not sufficiently demonstrate that he is not entitled to relief. Furthermore, Law contends that the government's response failed to comply with Rule 5 of the Rules Governing § 2255 Proceedings because it made no reference to his selective and vindictive prosecution claim.

Law's second objection asserts that he should have the opportunity to further develop evidentiary support for his claims. Law argues that the magistrate judge misconstrued statements in his reply to the government's response (dkt. no. 6) to his September 15,

8

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH**
**PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]**
**AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

2008, § 2255 motion to supplement Law's original claims, and utilized these supplements to render his motions moot.

Law's third objection is that the magistrate judge violated Rule 72 of the Federal Rules of Civil Procedure by dismissing his October 17, 2008 Motion to be Released Pending Resolution of his § 2255 Petition. Law further objects "to the [M]agistrate[']s inferred proposal that prejudice should not be automatically presumed" in an ineffective assistance of counsel claim, Objection to R&R at 5. Finally, Law objects to the magistrate judge's conclusion that his <u>pro se</u> brief filed on appeal precludes his ineffective assistance of counsel claim. He suggests that this should have no effect on the viability of his claims, and that contrary to the magistrate judge's findings the Fourth Circuit did not consider his <u>pro se</u> brief.

### IV. <u>STANDARD OF REVIEW</u>

When considering a magistrate judge's R&R, a court should review <u>de novo</u> any portion of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt without explanation any of the magistrate judge's recommendations to which the petitioner does not object. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th

MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]

Cir. 1983). Accordingly, the Court will address only those portions of the R&R to which Law has specifically objected.

## V. <u>ANALYSIS</u>

### A. <u>Evidentiary Hearing</u>

Law's objection to the magistrate judge's recommendation that his December 17, 2009 <u>pro se</u> Motion for Evidentiary Hearing in Specific Regard to his first Claim of "Selective Vindictive Prosecution" be denied, as well as his belief that he is entitled to an evidentiary hearing before the Court decides his § 2255 Petition, are without merit. With respect to his claim that he was selectively and vindictively prosecuted, the magistrate judge correctly determined that this claim is procedurally barred because Law raised it for the first time in a § 2255 petition, and failed either to show cause for this procedural lapse or actual prejudice deriving from the alleged errors. <u>See</u> <u>United States v. Maybeck</u>, 23 F.3d 888, 891 (4th Cir. 1994); <u>see also</u> <u>Kaufman v. United States</u>, 394 U.S. 217, 227 n.8 (1969) (stating "[w]here a trial or appellate court has determined the federal prisoner's claim, discretion may in a proper case be exercised against the grant of a § 2255 hearing"); <u>see also</u> <u>United States v. Crockett</u>, 917 F.2d 1302 (4th

## MEMORANDUM OPINION AND ORDER
### ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]

Cir. 1990)(holding that when a defendant has failed to raise an objection at trial and on direct appeal, he has waived that objection for purposes of § 2255 unless he can show both (1) cause excusing his double procedural default, and (2) actual prejudice resulting from the errors of which he complains). Therefore, Law waived any right to pursue a claim that he was selectively and vindictively prosecuted when he failed to raise such a claim at trial or on direct appeal.

Law's objection, that the government's response to his Petition (dkt. no. 5) failed to comply with Rule 5(b)-(c) of the Rules Governing § 2255 Proceedings by not addressing his selective and vindictive prosecution claim, is also without merit. Rule 5, in pertinent part, provides:

> (b) **Contents**. The answer must address the allegations in the motion. In addition, it must state whether the moving party has used any other federal remedies, including any prior post conviction motions under these rules or any other previous rules, and whether the moving party received an evidentiary hearing.
> (c) **Records of Prior Proceedings**. If the answer refers to briefs or transcripts of the prior proceedings that are not available in the courts records, the judge must order the government to furnish them within a reasonable

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

> time that will not unduly delay the
> proceedings.

Rules on Motion Attacking Sentence Under Section 2255, Rule
5(b),(c). In its response, the government addressed Law's selective
and vindictive prosecution claim by asserting that the claim was
procedurally barred because Law had failed to raise the claim on
direct appeal. The magistrate judge correctly concluded that Law's
selective and vindictive prosecution claim was procedurally barred,
and Rule 5 does not permit Law to overcome that barrier. The record
in this case is sufficient to allow this conclusion, and there is
no need for an additional briefing order or transcripts pursuant to
Rule 5(c).

**B. Further Opportunity to Develop Claims**

Law's objection that he should be granted the opportunity to
further develop his claims is also without merit. His first three
claims, that (1) his prosecution was vindictive and selective, (2)
his convictions resulted from unconstitutional pre-trial and trial
proceedings, and (3) his sentence was unreasonable, are all
procedurally barred because he either failed to raise them on appeal
or because such claims were heard and decided on appeal. See Davis,

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

417 U.S. 333 (holding that issues presented and decided on direct appeal cannot be reconsidered in a § 2255 motion unless the petitioner can demonstrate that there has been a change in law); see also Kaufman, 394 U.S. at 227 n.8; and United States v. Landrum, 93 F.3d 122, 124 (4th Cir. 1996)(holding that a claim raised for the first time in a 28 U.S.C § 2255 motion generally is not cognizable in federal courts unless the petitioner demonstrates both (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors of which he complains). Therefore, Law is procedurally barred from further developing these claims in his § 2255 motion.

Nor may Law's fourth claim, ineffective assistance of counsel during pre-trial, trial and sentencing proceedings, be further developed because his pleadings consist of conclusory statements unsubstantiated by any facts or evidence. To prevail on an ineffective assistance of counsel claim, a petitioner must first show that his counsel's performance was deficient because it fell below an objective standard of reasonableness, and second, that his counsel's deficiency of performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In order to establish

13

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

prejudice under the <u>Strickland</u> test, a petitioner must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id.</u>

Law contends that he received ineffective assistance of counsel because a conflict of interest existed between him and his counsel. To show that a conflict of interest exists, a petitioner must illustrate that "his interest diverged with respect to a material factual or legal issue or to a course of action." <u>Gilbert v. Moore</u>, 134 F.3d 642, 652 (4th Cir. 1998)(en banc). Additionally, a conflict can be proven when a petitioner's lawyer "is actively engaged in legal representation which requires him to account to two masters," or when the lawyer does not take action on behalf of the petitioner because it would harm another client. <u>United States v. Tatum</u>, 943 F.2d 370, 376 (4th Cir. 1991). As the magistrate judge correctly observed, to prove that a conflict of interest results in ineffective assistance of counsel, a petitioner must first establish that his counsel had an actual conflict of interest, and second, that such actual conflict of interest adversely affected his counsel's performance. <u>Cuyler v. Sullivan</u>, 446 U.S. at 348.

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

Law has alleged nothing at all to support a claim that a conflict of interest existed between him and his counsel, or, if such a conflict did exist, that it resulted in the provision of ineffective assistance to him by his attorney. Furthermore, he has failed to show that his interests diverged from those of his counsel, or that his counsel withheld action on behalf of Law in order to prevent injury to another client. Additionally, Law offers nothing to suggest that, were a conflict present, it adversely affected his lawyer's performance.

In McFarland v. Scott, the Supreme Court of the United States held that "[h]abeas petitions must meet heightened pleading requirements" and that "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." 512 U.S. 849, 856 (1994). Law's claim that he received ineffective assistance of counsel during pre-trial, trial and sentencing proceedings may not be developed further because his petition consists of mere conclusory statements that are legally insufficient and subject to summary dismissal. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)(concluding "that a habeas petitioner must come forward with some evidence that the claim might

15

have merit" and that "unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"); see also Strickland, 466 U.S. at 689 (holding that "a convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment").

Similarly, Law may not further develop his fifth claim, that he received ineffective assistance of counsel on direct appeal. To prevail on this claim, Law also must satisfy the requirements in Strickland. See Bell, 236 F.3d at 164 ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Appellate counsel is presumed to have raised the issues most likely to yield relief. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of

MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]

effective assistance of counsel be overcome." <u>Gray v. Greer</u>, 800 F.2d 644, 646 (7th Cir. 1986).

Law contends that his counsel failed to raise ten grounds for relief on appeal. In addressing this contention, Magistrate Judge Joel recognized that "[t]he entire Ground Five claims are insufficiently pled, a mere recitation of a laundry list of claims with no argument in support." R&R at 17. This conclusion is correct. Law has neither demonstrated that his lawyer performed below an objective standard of reasonableness, nor that, had his counsel performed differently, the outcome of his appeal would have changed. Therefore, Law's Ground Five claims may not be developed further because they are insufficiently pleaded and consist of nothing more than a list of conclusory statements. <u>See</u> <u>Nickerson</u>, 971 F.2d at 1136; <u>see also</u> <u>Strickland</u>, 466 U.S. at 689.

Law's objection that the magistrate judge misconstrued statements in his response to the Government's answer to his September 15, 2008 petition to supplement his original claims, and utilized those supplements to render Law's motions moot, is also unavailing. Contrary to Law's assertion, the magistrate judge gave Law every opportunity to plead properly by construing his responses

17

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

as additions to his allegations and supplements to his initial claims. However, even after permitting Law to supplement his original claims with additional allegations, the magistrate judge found that Law's claims were still insufficiently pleaded and properly recommended that they be dismissed.

At bottom, Law may not further develop factual support for his claims through discovery because his first, second and third claims are procedurally barred, and because his fourth and fifth claims consist of conclusory statements devoid of any argument or facts demonstrating how or why he is entitled to relief. Therefore, Law is unable to pursue any of his claims further.

**C. Denial of Release Motion Violated Rule 72**

Law's objection that Magistrate Judge Joel violated Rule 72 of the Federal Rules of Civil Procedure by denying his October 17, 2008, Release Motion as moot is also without merit. In light of the Court's conclusion that all of Law's claims must be dismissed, his October 17, 2008, motion for release pending the disposition of his § 2255 motion is, in fact, moot, and the magistrate judge did not err in denying it as so.

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

### D. Law's Final Objections

Lastly, Law objects "to the [M]agistrate[']s inferred proposal that prejudice should not be automatically presumed." Objection to R&R at 5. The Court construes this objection as a contention that the magistrate judge improperly presumed that Law suffered no prejudice when reviewing Law's ineffective assistance of counsel claims. The magistrate judge, however, made no such presumption, relying instead on Strickland, which concludes that there is "a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." 466 U.S. at 689-90. Therefore, given that the magistrate judge made no such presumption, Law's objection that prejudice should not be presumed in an ineffective assistance of counsel claim is without merit.

Additionally, Law contends that his pro se brief should have no impact on his claim that he received ineffective assistance of counsel on direct appeal. Contrary to Law's objection, Magistrate Judge Joel gave no effect to Law's pro se brief when he concluded that Law provided no evidence whatsoever that his counsel was ineffective. Rather, he recognized only that Law's petition contained conclusory statements that failed to establish that his

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

counsel's performance fell below an objectively reasonable standard, and also failed to show that Law was prejudiced by any asserted deficiencies. Magistrate Judge Joel reasoned that, even if Law had succeeded in making the threshold showing that his counsel's performance fell below an objectively reasonable standard, it would be debatable as to whether he was also prejudiced by such a deficiency because, by filing a <u>pro se</u> brief, he was not deprived of the opportunity to raise an additional ground for relief. Given the magistrate judge's correct conclusion that Law failed to adequately plead how, if at all, his appellate counsel's performance fell below an objectively reasonable standard, this objection is moot.

Finally, Law asserts that the Fourth Circuit gave no consideration to his <u>pro se</u> brief. The magistrate judge correctly observed, however, that the Fourth Circuit had considered Law's <u>pro se</u> brief when it rejected his appeal. <u>See</u> Letter from the Deputy Clerk, the United States Court of Appeals for the Fourth Circuit, to Darrell Law (Aug. 4, 2008) (stating that "[t]he court did review your entire case, including your brief").

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH**
**PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]**
**AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

### E. Motion for Certificate of Innocence

After filing timely objections to Magistrate Judge Joel's R&R, Law also filed a separate motion for certificate of innocence pursuant to 28 U.S.C. § 2513 ("§ 2513 motion"). That motion purports to seek damages for Law's allegedly unjust conviction and imprisonment under 28 U.S.C § 1495. Section 2513 of Title 28 of the United States Code provides, in pertinent part, that:

> (a) Any person suing under section 1495 of this title must allege and prove that: (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a)(1)-(2) (2010). In his motion, Law proffers nothing to show either (1) that his conviction was reversed or set aside, (2) that he had a new trial or rehearing where he was found

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

not guilty, or (3) that he has been pardoned for his innocence of the conviction. Furthermore, even if Law had satisfied the first threshold requirement of § 2513, he failed to provide any evidence showing (1) that he did not commit any act of which he was charged, or any act in connection to the act of which he was charged, or (2) that he did not bring his prosecution upon himself through misconduct or negligence. Instead, Law simply avers that he was prosecuted in an unfair and malevolent manner, and is, therefore, innocent. Such bald contentions fail entirely to satisfy the requirements of § 2513 and do not entitle Law to a certificate of innocence. See Betts v. United States, 10 F.3d 1278, 1283 (7th Cir. 1993) (holding that "28 U.S.C §§ 1495 and 2513 provide compensation only to those who can show that they are innocent of any crime); see also United States v. Racing Servs., 580 F.3d 710, 712 (8th Cir. 2009) (concluding that "[t]he decision to deny a certificate of innocence is committed to the sound discretion of the district court . . . the petitioner must persuade the district judge who presided over their criminal prosecution that they were truly innocent of all crimes to qualify for civil damage relief. Innocence of the petitioner must be affirmatively established"). Therefore, because

22

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH**
**PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]**
**AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

Law has failed to establish his innocence, his § 2513 motion is
without merit and must be denied.

## VI. CONCLUSION

For the reasons discussed, the Court **ADOPTS** Magistrate Judge
Joel's R&R in its entirety (dkt. no. 26), **DISMISSES WITH PREJUDICE**
Law's § 2255 petition (dkt. no. 1), and **DENIES** his § 2513 motion
(dkt. no. 30).

It is so **ORDERED.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and
Section 2255 Cases, this Court declines to issue a certificate of
appealability as Law has not made a substantial showing of a denial
of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller -El v.
Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy
§ 2253(c), a petitioner must demonstrate that reasonable jurists
would find the district court's assessment of the constitutional
claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473,
484 (2000)).

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of
Court to enter a separate judgment order and to transmit copies of

**MEMORANDUM OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 26], AND DISMISSING WITH
PREJUDICE PETITIONER'S § 2255 MOTION [DKT. NO. 1]
AND DENYING PETITIONER'S § 2513 MOTION [DKT. NO. 30]**

each Order to counsel of record and to the <u>pro</u> <u>se</u> petitioner,

certified mail, return receipt requested.

DATED: July 2, 2010.


                                   /s/ Irene M. Keeley
                                   IRENE M. KEELEY
                                   UNITED STATES DISTRICT JUDGE